# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

CHELSEA ELIZABETH SMITH,

    Plaintiff,

-vs-                            CASE NO.:

TRANS UNION LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHELASEA ELIZABETH SMITH (hereinafter "Plaintiff"), sues Defendant, TRANS UNION LLC, ("Trans Union") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies: Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report.

1

It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Plaintiff is a natural person and resident of Sullivan County in the State of Tennessee. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendant transacts business within this District.

9. Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Tennessee, through its registered agent Corporation Service Company, located at 2908 Poston Avenue, Nashville, Tennessee 37203.

10. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. On or about September of 2022, Plaintiff applied for employment at Walgreens. As a requirement for potential employment Plaintiff had to agree to a background check, which she did.

13. CIN Legal Data Services created a background check report about Plaintiff for the potential employer.

14. When Plaintiff obtained a copy of her CIN Legal Data Services background check report, and reviewed the financial section, Plaintiff learned there were numerous items on the background check being reported that were not correct from addresses, accounts, and a social security number variation.

3

15. According to CIN Legal Data Services, the source of the inaccurate information being reported about Plaintiff was Trans Union.

16. After realizing that Trans Union was reporting false information about her, October 6, 2022 Plaintiff mailed out a very detailed written dispute letter to Trans Union concern the inaccurate reporting. Plaintiff made Trans Union aware that there were addresses and a hard inquiry appearing on her Trans Union credit file that did not belong to her. Moreover, she affirmed that Trans Union was reporting an Eastman Credit Union account (partial account number xxxxxxxxx4908), an American Express account (partial account number xxxxxxxxxxxx0343), and a Capital Accounts account (partial account number xxx1492) on her credit report that did not belong to her. Additionally, there was a social security number variation on her Trans Union credit report that was inaccurate.

17. In her first dispute letter to Trans Union, Plaintiff also made Trans Union aware that she was the victim of a "mixed credit file" with an individual also named Chelsea Smith with a very similar date of birth. Plaintiff included a copy of her driver's license and social security card with her dispute so that Trans Union could properly identify Plaintiff.

18. Plaintiff mailed her detailed dispute letter to Trans Union via USPS Certified Mail.

19. As of the filing of this Complaint, despite confirmation that Trans Union received her first dispute, Plaintiff has not received any dispute results from Trans Union.

20. Plaintiff continues to face hurdles in obtaining her credit report from Trans Union.

21. Trans Union has never attempted to contact Plaintiff about her dispute.

22. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her credit;
   ii. Loss of time attempting to cure the errors;
   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;
   iv. Reduction in credit score;
   v. Apprehensiveness to apply for credit due to the fear of rejection.

## COUNT I
**Violations of the Fair Credit Reporting Act as to Trans Union LLC**

23. Plaintiff re-alleges and reincorporates paragraphs one through twenty-two above.

24. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs. Trans Union allowed for Eastman Credit Union, American Express and Capital Accounts to report inaccurate information on Plaintiff's credit file. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

25. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, as well as the damages otherwise outlined within this Complaint.

26. Trans Union's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o.

27. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Trans Union, to Plaintiff, award

Plaintiff her attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

DATED this 13th day of January, 2023.

    Respectfully submitted,

**/s/Frank H. Kerney, III, Esq.**
Frank H. Kerney, III, Esq
Florida Bar #: 88672
Tennessee Bar #: 035859
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (844)855-9000
Facsimile: (844)951-3933
Frank@theconsumerlawyers.com
Jason@theconsumerlawyers.com
*Counsel for Plaintiff*